IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BISCO INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-147C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss plaintiff Bisco Industries, Inc.'s ("Bisco") complaint ("Compl.") in the above-captioned matter for lack of subject matter jurisdiction.

## STATEMENT OF THE ISSUES

Whether this Court possesses jurisdiction to consider plaintiff's complaint to the extent it seeks damages based upon allegations of a breach of contract by the Government where Bisco failed to submit a claim to the contracting officer seeking such damages.

## STATEMENT OF THE CASE

### I. Nature of the Case

This case arises out of Contract No. SP0430-04-D0214-0002 (the "Contract") between Bisco and the Defense Supply Center, Richmond ("DCSR"), a field component of the Defense Logistics Agency ("DLA").

II. Statement of Facts[1]

Bisco's three-page complaint alleges that the Contract required Bisco to "provide various materials, products and equipment" and that it provided the same to DCSR on or about January 18, 2005." Compl. ¶¶ 5, 7. According to the complaint, the Government "has repeatedly promised to pay," but failed to do so. Id. at ¶¶ 9. A copy of the invoice Bisco submitted to DCSR on January 18, 2005 is attached to Bisco's complaint as Exhibit A.

On March 10, 2008, Bisco filed this lawsuit. Bisco alleges that the Government "failed to pay the balance" owed to it for services rendered under the contract, and seeks $38,284.52 in damages. Id. at ¶ 11. Additionally Bisco seeks interest on the money allegedly owed, as well as "cost[s] expended" and "reasonable attorney's fees." Id. at ¶ 12, "Wherefore" clause. Bisco's complaint does not allege that any claims for monies allegedly owed under the contract were submitted to the contracting officer, or that any such claims were either denied or deemed denied by the contracting officer.

As set forth below, because Bisco failed to comply with the procedural requirements of the Contract Disputes Act, which require a contractor to first submit a claim to the contracting officer, this Court lacks subject matter jurisdiction to consider Bisco's claims.

## ARGUMENT

I. Standard of Review

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, "the allegations of the complaint must be construed favorably to the plaintiff." Armour of America v.

---

[1] For the purpose of our motion to dismiss, we treat the allegations set forth in plaintiff's complaint as true. Should defendant's motion to dismiss be denied, we reserve the right to contest each and every allegation of the complaint.

United States, 69 Fed. Cl. 587, 590 (2006). Nonetheless, plaintiff bears the burden of establishing jurisdiction. See id., citing Taylor v. United States, 303 F.3d 1357, 1359 (Fed.Cir.2002); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed.Cir.1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

The United States is immune from suit unless it has specifically waived sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). "Waivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed" and its "consent to be sued must be construed strictly in favor of the sovereign and not enlarge[d] . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992) (citations and internal quotation marks omitted). A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

## II. This Court Lacks Jurisdiction Over Breach Of Contract Claims That Were Not Submitted To The Contracting Officer

Under the Contract Disputes Act ("CDA"), this Court possesses jurisdiction over causes

of action based upon a valid claim submitted to the contracting officer that has been denied, or deemed denied. 41 U.S.C. § 605 (a) (1988). This court has previously ruled that for claims brought pursuant to the CDA, its jurisdiction "is dependant upon the existence of a final decision by the contracting officer upon a claim for money presently due and owing. Until a claim has been properly submitted . . . and the contracting officer has rendered a final decision upon that claim, or has been deemed through his inaction to have denied the claim, a contractor has not satisfied the jurisdictional prerequisite." Advanced Material, Inc. v. United States, 46 Fed. Cl. 697, 701 (2000); see also Cincinnati Elecs. Corp. v. United States, 32 Fed. Cl. 496, 505 (1994) (claim for breach of contract damages dismissed for lack of subject matter jurisdiction where claim was not submitted to contracting officer for final decision). As the court in Witherington Constr. Corp. v. United States, 45 Fed.Cl. 208, 211 (1999), stated: "to gain a jurisdictional foothold in this [C]ourt, a plaintiff pursuing a contract claim must satisfy two fundamental jurisdictional requirements--it must submit a claim for money presently due and must obtain a 'final decision' on that claim, either actual or deemed."

The Court does not possess jurisdiction to consider Bisco's complaint here. Bisco does not dispute that, having alleged a breach of contract by the Government, this action is governed by the CDA. See Compl. ¶¶ 1, 2. As a result, however, Bisco, as a jurisdictional prerequisite to its lawsuit, was required to submit its claim to the contracting officer.[2] Bisco's complaint fails to

---

[2] The Contract Disputes Act does not define "claim," but the Federal Acquisition Regulations ("FAR"), which govern the manner in which Federal agencies conduct procurements, defines a "claim" as "[a] written demand or written assertion by the contractor seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of the contract terms, or other such relief arising under or relating to the contract." 48 C.F.R. § 2.101.

identify any such claim submitted. At best, Bisco's complaint identifies an invoice it submitted that the Government has not yet paid. However, "a voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the [Contract Disputes Act]." FAR 52.233-1(c). Bisco has not alleged that any invoice it ever submitted for payment was disputed. Indeed, Bisco has attached to its complaint a series of documents as Exhibit B confirming the Government's intent to pay the amount requested in the January 18, 2005 invoice. Moreover, Bisco has not alleged any representation by the Government that could even arguably be construed as a "final decision" by the contracting officer denying a properly submitted claim. Not only has Bisco not identified any denial by the contracting officer of a claim submitted pursuant to the CDA, Bisco alleges that the Government has represented that it would pay Bisco for services rendered. Compl. ¶10. As such, Bisco's lawsuit is not appropriately before this Court. In light of Bisco's failure to comply with the jurisdictional prerequisites of the CDA, its complaint must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth herein, we respectfully request that our motion to dismiss be granted, and that Bisco's complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY A. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s Anuj Vohra
ANUJ VOHRA
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-0521
Fax: (202) 305-7644

May 7, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on the 7th day of May, 2008, a copy of the foregoing "Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Anuj Vohra